IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vincent Brown,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Ofc. S. Deese, *et al.*,<br><br>　　　　　　Defendants. | Case No. 2:22-cv-2841-RMG<br><br>**ORDER AND OPINION** |

　　　　This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 23) recommending that Plaintiff's complaint be dismissed without prejudice and without issuance and service of process. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Plaintiff's complaint under FRCP 41(b) for failure to comply with a court order.

**I.　Background**

　　　　Plaintiff is a detainee at the Al Cannon Detention Center and filed his complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Plaintiff also brings a state law claim for defamation. (Dkt. No. 1).

　　　　On October 12, 2022, the Court issued an order notifying Plaintiff that his complaint was subject to summary dismissal because he failed to allege sufficient factual allegations to state a claim. (Dkt. No. 16). The order advised Plaintiff he had until October 26, 2022 to file an amended complaint or otherwise cure the deficiencies in his pleadings. Plaintiff did not respond to the October 12th order.

　　　　On November 15, 2022, the Magistrate Judge issued an R&R recommending that this action be dismissed without prejudice pursuant to FRCP 41(b) for failure to comply with a court order. (Dkt No. 23). Plaintiff did not file objections to the R&R.

-1-

## II. Legal Standards

### a. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

### b. Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

## III. Discussion.

After a thorough review of the R&R and the applicable law, the Court adopts the R&R in its entirety and hereby incorporates the R&R by reference. Accordingly, the Court dismisses

-3-

Plaintiff's complaint without prejudice for failure to comply with a court order. *See Goode v. Cent. Va. Legal Aid. Soc'y, Inc.*, 807 F.3d 619, 630 (4th Cir. 2015).

IV.    **Conclusion**

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 23) as the order of the Court and dismisses Plaintiff's complaint without prejudice. The Clerk is directed to close this action.

**AND IT IS SO ORDERED.**

<u>s/ Richard Mark Gergel</u>
Richard Mark Gergel
United States District Judge

December 5, 2022
Charleston, South Carolina